## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

VILLAGER FRANCHISE SYSTEMS, INC.,

    Plaintiff,

    v.                           Case No. 04-CV-517

EDWARD VAVER,
and TIMOTHY E. PODOLSKE,

    Defendants.

## ORDER

The parties filed a proposed scheduling order on December 16, 2005. The proposed scheduling order directed the parties to exchange initial mandatory disclosures by December 30, 2005, however, the court did not file the scheduling order until January 6, 2006. The plaintiff served the defendants with its initial disclosures by the December 29, 2005 deadline. Defendant Podolske filed his initial disclosures on January 23, 2006, along with a certificate of service indicating that he served the plaintiff with a copy of his initial disclosures on January 16, 2006, via first class mail. Defendant Vaver filed his initial disclosures on February 3, 2006, along with a certificate of service indicating that he served the plaintiff with a copy of his initial disclosures on January 31, 2006, via first class mail. Defendant Vaver's initial disclosures are identical to the initial disclosures filed by defendant Podolske. On January 24, 2006, the plaintiff filed a motion for an order striking defendant Vaver's initial disclosures and directing Podolske to cease the unauthorized practice of law.

Given that the defendants' initial disclosures are identical, it appears that Podolske's initial disclosures were meant to be from both Podolske and Vaver, even though only Podolske signed the document. Title 28 U.S.C. § 1654 states "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . " *Id.* The Seventh Circuit has held that this statute only allows for two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves." *United States v. Peterson*, 550 F.2d 379, 384 (7th Cir. 1977) Accordingly, the court hereby notifies the defendants that, although their interests in this action are similar, one defendant cannot represent the other in a legal capacity.

Despite the fact that Vaver's initial disclosures were served upon the plaintiff after the December 29, 2005, deadline, the court will not strike Vaver's initial disclosures for being served out of time. In a letter to the court filed along with his initial disclosures, Vaver indicated that his initial disclosures were delayed because he was unable to travel from his residence in Texas to sign a copy of Podolske's initial disclosures, presumably to make Podolske's disclosures the initial disclosures of both defendants. The court does not conclude that Vaver's delay of approximately one month overly burdens the plaintiff. Moreover, the court notes that a timely exchange of the initial disclosures would have been unlikely given that the

scheduling order was not filed by the court until after the December 29, 2005 deadline to exchange initial disclosures.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to strike the initial disclosures of defendant Vaver (Docket #62) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 21st day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge