UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

VILLAGER FRANCHISE SYSTEMS, INC.,

        Plaintiff,

        v.                            Case No. 04-CV-517

EDWARD VAVER,
and TIMOTHY E. PODOLSKE,

        Defendants.
_____

## ORDER

On January 12, 2001, the plaintiff, Villager Franchise Systems, Inc., ("VFS") entered into a franchise agreement with SH Hotels LLC, ("SH Hotels") for the operation of a guest lodging facility in Fond Du Lac, Wisconsin. (Compl. Ex. A.) VFS filed its complaint in this action on May 28, 2004, seeking a judgment against defendants, SH Hotels, Dairyland Investments, Inc., Timothy E. Podolske ("Podolske"), and Edward Vaver ("Vaver"), for fees due as a result of SH Hotels' early termination of the franchise agreement. Effective as of the date of the franchise agreement, Podolske and Vaver provided a guaranty of SH Hotels' obligations under the franchise agreement. (Compl. Ex. B.) On May 30, 2006, VFS filed a motion for summary judgment seeking to enforce the guaranty signed by defendants Podolske and Vaver in which Podolske and Vaver agreed that upon default under the franchise agreement, they would make each payment and perform each obligation required of SH Hotels.

As a limited liability company, SH Hotels could not appear in federal court unless it was represented by a licensed attorney. *See, e.g., Kipp v. Royal & Sun Alliance Pers. Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002) ("The appropriate response when an LLC's pleading is not signed by counsel is to: (1) order the LLC to appear by counsel 'within a reasonable time,' and (2) issue a warning that the failure to do so may result in entry of default and default judgment."). Because SH Hotels' answer was not signed by a licensed attorney, in an order dated September 7, 2004, the court struck the answer filed by SH Hotels and granted SH Hotels 30 days to hire an attorney and file an answer signed by its attorney. In an order dated January 24, 2005, the court granted SH Hotels until February 15, 2005, to inform the court whether it had the necessary funds to hire an attorney by March 15, 2005, and granted SH Hotels until March 15, 2005, to file an answer signed by its attorney. In that order, the court warned SH Hotels that if it failed to file an answer signed by counsel by March 15, 2005, the court would consider VFS' motion for default judgment. SH Hotels, however, did not hire an attorney and file an answer. Accordingly, in an order dated June 29, 2005, the court entered default judgment against SH Hotels in the amount of $196,837.09 for early termination of the franchise agreement.

In the order for entry of default judgment against SH Hotels, the court held that "SH Hotels, LLC ("SH Hotels"), is liable to VFS for early termination of the January 12, 2001 Franchise Agreement resulting in liquidated damages payable to VFS, for nonpayment of outstanding recurring fees accrued pursuant to the terms

of the Franchise Agreement, and for all costs, expenses and reasonable attorneys' fees incurred by VFS in bringing this action." (*See* order dated June 29, 2005.) The court awarded VFS judgment in the amount of $196,837.09 against SH Hotels and held that the judgment would accrue interest, compounded annually, pursuant to 28 U.S.C. § 1961. *Id.*

Pursuant to the terms of the guaranty attached to the franchise agreement, defendants Podolske and Vaver agreed that upon a default under the franchise agreement, they would "immediately make each payment and perform or cause Franchisee to perform, each unpaid or underperformed obligation of Franchisee under the Agreement." (Compl. Ex. B ¶ 2.) Additionally, Podolske and Vaver agreed to pay the costs including the attorneys' fees incurred by VFS in enforcing its rights under the franchise agreement. (Compl. Ex. A ¶ 17.4 and Ex. B ¶ 2.) Despite this agreement and the default judgment, VFS states that neither SH Hotels nor the guarantors, Podolske and Vaver, made any payments to VFS pursuant to the default judgment against SH Hotels. In VFS' motion for summary judgment, VFS asserts that under the terms of the guaranty, Podolske and Vaver are liable to VFS for the amount of the default judgment against SH Hotels.

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Material facts" are those facts which "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could

find in favor of the nonmoving party. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court construes all facts in the light most favorable to the non-moving party and draws all reasonable and justifiable inferences in favor of that party. *See id.* at 255. Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party opposing summary judgment may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

As a preliminary matter, it should be noted that VFS' motion for summary judgment complied with Civil Local Rule 56.1 (E.D. Wis.) by including a short and plain statement that any factual assertion in VFS' motion for summary judgment would be accepted by the court as true unless Podolske and Vaver submitted their own affidavits or other admissible documentary evidence contradicting VFS' factual assertions, and by including the text of Federal Rules of Civil Procedure 56(e) and (f), and Civil Local Rules 7.1, 56.1, and 56.2. Despite this notice, Podolske and Vaver did not submit affidavits or other documentary evidence of their own to contradict VFS' factual assertions regarding the guaranty.

Proceeding pro se, defendants Podolske and Vaver filed a response to VFS' motion for summary judgment on June 12, 2006. In their responses, Podolske and Vaver did not dispute the terms of the guaranty, or assert that the terms of the

guaranty are ambiguous, however, they claimed that the franchise agreement between SH Hotels and VFS was obtained through fraud.  Podolske and Vaver assert that VFS guaranteed that SH Hotels would achieve a 70% occupancy rate through VFS' reservation system, and that VFS would provide SH Hotels with $75,000 in financing, however, in reality, VFS' reservation system provided only a small fraction of SH Hotels' occupancy, and VFS provided SH Hotels only $25,000 in financing.  (Podolske Aff. ¶ 5.)

In response to the defendants' allegation of fraud, VFS denied that it made any misrepresentations to the defendants, and pointed out that the terms of the franchise agreement explicitly state that the written agreement comprises the entire agreement between the parties, and that the defendants were not relying upon any other statements not included in the agreement.  (Compl. Ex. A ¶¶ 17.7.2–17.7.4.) Given that the agreement was the entire agreement between the parties, SH Hotels could not have relied upon any terms that were not included in the agreement. Moreover, VFS asserts that even if the defendants were permitted to assert a defense of fraud at this stage in the case, their claim fails under the parole evidence rule.  As a result, VFS asserts, the defendants' allegation of fraud should not prevent the enforcement of the guaranty.  Indeed, VFS notes that the defendants have not asserted any defenses that specifically address the enforcement of the guaranty.

On July 18, 2006, and July 21, 2006, Podolske and Vaver filed surreply briefs and exhibits in support of their claim that the franchise agreement was obtained through fraud.  On July 27, 2006, VFS filed a motion to file a surreply brief in

response to the defendants' surreply briefs. In this motion, VFS contends that the court should strike the defendants' surreply briefs and the exhibits because they were untimely, filed without leave of the court, there is no document supporting or authenticating the exhibits, and the surreply briefs were not limited to matters of reply. As such, the defendants' surreply briefs violated Civil Local Rules 7.1(c), (f), and 56.2(c).

On August 21, 2006, Podolske and Vaver filed another set of briefs responding to VFS' surreply brief. In their responses, the defendants moved the court to dismiss the plaintiff's case, and for summary judgment in favor of the defendants. These responses reiterated the defendants' assertion that the franchise agreement was obtained through fraud. In response, VFS filed a motion to strike the defendants' dispositive motions filed on August 21, 2006. VFS points out that pursuant to the scheduling order, all dispositive motions were to be filed by June 15, 2006. Therefore, the defendants' motions are untimely and in violation of Civil Local Rule 7.1(d). Additionally, the facts alleged in the defendants' motions are not supported in a manner prescribed by Civil Local Rule 56.2 and Federal Rule of Civil Procedure 56(e). In response to VFS' motion to strike, the defendants contend that because they are proceeding pro se, and VFS would not be unduly prejudiced, the court should not strike their pleadings.

Under Civil Local Rule 7.1(d) upon a showing of good cause, the court may extend the time for the filing of any brief. *Id.* However, failure to file a timely brief shall be deemed a waiver of the right to submit it. *Id.* Here, the only reason

Podolske and Vaver offer to justify their untimely filings is that they are proceeding pro se. While the court acknowledges that Podolske and Vaver are pro se litigants, and as such, the court is obligated to hold their pleadings to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), even pro se litigants must follow procedural rules and the court has discretion to enforce those rules. *See Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002); *Greer v. Bd. of Educ. of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).

The defendants' dispositive motions also did not comply with the court's local rules specifically related to summary judgment filings. Most notably, Civil Local Rule 56.2(a) requires a movant to submit to the court either "(1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2)." *Id.; see, e.g., Guy v. Maio*, 227 F.R.D. 498, 500 (E.D. Wis. 2005) (striking dispositive motion filed by pro se litigant because factual assertions were neither the results of a stipulation between the parties nor supported by evidentiary citations); *see also* Fed. R. Civ. P 56(e).

Here, the defendants have not filed stipulated facts or proposed findings of fact in accordance with Civil Local Rule 56.2. Additionally, pursuant to the scheduling order filed on January 6, 2006, dispositive motions were to be filed by June 15, 2006. Despite ample notice of this deadline, and without providing reasons

-7-

for the delay, the defendants did not file their dispositive motions until August 21, 2006. There is no indication that the information or arguments in the defendants' dispositive motions were not available at the time of the applicable deadlines. In sum, the defendants do not provide good cause to excuse the procedural deficiencies and untimely filing of their dispositive motions. Because the defendants' motions to dismiss and motions for summary judgment do not comply with the local court rules, and the deficiencies are not mere technicalities, the court will grant VFS' motion to strike the defendants' motions to dismiss and for summary judgment.

Turning now to VFS' motion for summary judgment, the motion involves the interpretation of the guaranty attached to the franchise agreement. Summary judgment is particularly appropriate in cases involving contract interpretation because when the contract is unambiguous, the meaning of the contract is a question of law. *Murphy v. Keystone Steel & Wire Co.*, 61 F.3d 560, 564-65 (7th Cir. 1995); *see also American Medical Security, Inc. v. Executive Risk Specialty Ins. Co.*, 393 F. Supp. 2d 693, 699 (E.D. Wis. 2005). A contract is unambiguous if it is susceptible to only one reasonable interpretation. *Tingstol Co. v. Rainbow Sales, Inc.*, 218 F.3d 770, 771-72 (7th Cir. 2000). Whether a contract is clear or ambiguous is a matter of law for the court, but the meaning of any ambiguity is a question of fact for a jury. *Id.* at 772. Extrinsic evidence is considered only if the contract itself is ambiguous. *Id.*

In the instant matter, the contract in question is the guaranty executed by Podolske and Vaver, "[t]o induce Villager Franchise Systems, Inc. and its successors

Case 2:04-cv-00517-JPS   Filed 11/20/06   Page 8 of 13   Document 88

and assigns . . . to sign the Franchise Agreement . . . . " (Compl. Ex. B ¶ 1.) The guaranty signed by Podolske and Vaver is unambiguous. In the guaranty, Podolske and Vaver agreed that "[u]pon default by Franchisee and notice from you we will immediately make each payment and perform or cause Franchisee to perform, each unpaid or underperformed obligation of Franchisee under the Agreement." (Compl. Ex. B ¶ 2.) The guaranty also states that Podolske and Vaver acknowledge that section 17 of the franchise agreement, which includes an agreement to pay the costs including reasonable attorneys' fees incurred by VFS in enforcing its rights or remedies under the agreement, applies to the guaranty. (Compl. Ex. A ¶ 17.4 and Ex. B ¶ 2.)

As noted above, VFS' motion for summary judgment included a short and plain statement that any factual assertion in VFS' motion for summary judgment would be accepted by the court as true unless Podolske and Vaver submitted their own affidavits or other admissible documentary evidence contradicting VFS' factual assertions. In its motion for summary judgment, VFS submitted a list of 19 proposed findings of facts, supported by citation to the record, along with its motion for summary judgment. VFS' motion for summary judgment also included the text of Civil Local Rule 56.2. Pursuant to Civil Local Rule 56.2(b) the defendants were granted 30 days from service of the motion for summary judgment to file specific responses to VFS' proposed findings of fact, and the responses were required to refer to any contested finding by paragraph number and to include specific citations to evidentiary materials in the record which support the claim that a dispute exists.

*See id.* Podolske and Vaver, however, did not file responses to VFS' proposed findings of fact. Although Podolske and Vaver submitted affidavits and other documentary evidence regarding their claim of fraud, none of their affidavits or documents contradict VFS' factual assertions regarding the guaranty. Additionally, neither Podolske nor Vaver assert that the terms of the guaranty are ambiguous. Indeed, a review of the guaranty reveals that the guaranty is open to only one reasonable interpretation. Specifically, under the guaranty signed by Podolske and Vaver, Podolske and Vaver are bound by all obligations SH Hotels owes to VFS.

Podolske's and Vaver's claim that SH Hotels was induced to sign the franchise agreement through fraud refers to the negotiation of the franchise agreement, not the guaranty that is the subject of VFS' motion for summary judgment. As a party to the franchise agreement, SH Hotels could have raised the claim of fraud as a defense, however, the court entered default judgment against SH Hotels for failing to file an answer signed by counsel. Additionally, the court notes that any oral promises that employees or agents of VFS made were specifically excluded from the franchise agreement. The franchise agreement explicitly states that the agreement "is the entire agreement superseding all previous oral and written representations, agreements and understandings of the parties . . . . " (Compl. Ex. A ¶ 17.7.3.) Furthermore, the agreement states that neither VFS, nor anyone acting on VFS' behalf, "made any oral or written representation or promise to [SH Hotels] on which [SH Hotels was] relying to enter into this Agreement that is not written in this Agreement." (*See id.* at ¶ 17.7.2.) Finally, SH Hotels acknowledged that "no

salesperson has made any promise or provided any information to [SH Hotels] about projected sales, revenues, income, profits or expenses" from the subject property. (*See id.* at ¶ 17.7.4.)  Accordingly, the defendants' assertion that they relied upon guarantees not contained within the franchise agreement contradicts the unambiguous written terms of the agreement.  As noted by the Seventh Circuit, when a contract is reduced to a writing intended to be the complete and final expression of the parties' agreement, evidence of oral negotiations leading up to the writing cannot be used to contradict the express terms of the writing, although it can be used to aid interpretation of an ambiguous term.  *See Patton v. Mid-Continent Sys., Inc.*, 841 F.2d 742, 745 (7th Cir. 1988) (noting that if the meaning of a contract is unambiguous, evidence of oral negotiations leading up to the written contract and extrinsic evidence outside the "four corners" of the written contract is inadmissible to vary that meaning).  Here, the terms of the franchise agreement and the guaranty are unambiguous.

In conclusion, reviewing the record in the light most favorable to the defendants, the defendants' claim of fraud does not create a material issue of fact that would prevent the enforcement of the guaranty.  Indeed, a review of the record reveals that there is no genuine material issue as to any of the proposed findings of fact set forth by VFS.  Specifically, it is undisputed that the plain language of the guaranty establishes that Vaver and Podolske guaranty all obligations of SH Hotels to VFS pursuant to the terms of the franchise agreement.  (Plaintiff's Proposed Finding of Fact ("PPFOF") ¶¶ 10-12.)  It is undisputed that the court established the

-11-

liability of SH Hotels to VFS pursuant to the terms of the franchise agreement when it entered judgment against SH Hotels in the amount of $196,837.09 on June 29, 2005. (PPFOF ¶¶ 15 and 16.) Finally, neither SH Hotels, nor Podolske or Vaver, made any payment to VFS for amounts due and owing pursuant to the terms of the franchise agreement and pursuant to the judgment entered against SH Hotels. (PPFOF ¶¶ 14 and 19.) In light of the foregoing, VFS is entitled to judgment as a matter of law, and an order granting judgment in its favor and against defendants Podolske and Vaver in the amount of $196,837.09 plus interest, attorneys fees, and expenses as provided in the guaranty.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (Docket # 66) be and the same is hereby **GRANTED**; and this action be and the same is hereby **DISMISSED** with prejudice, together with costs as taxed by the clerk of the court; and

**IT IS FURTHER ORDERED** that the plaintiff is hereby awarded judgment against defendants Timothy E. Podolske and Edward Vaver in the amount of $196,837.09, plus reasonable attorneys' fees and expenses as provided in the guaranty attached to the complaint as Exhibit B. This judgment shall accrue interest, compounded annually, pursuant to 28 U.S.C. §1961; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file a surreply brief (Docket # 75) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike the defendants' motions to dismiss and for summary judgment (Docket # 80) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the defendants' motions for leave to file additional pleadings (Docket ## 81 and 84) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendants' motions to dismiss the plaintiff's complaint and for summary judgment (Docket ## 76 and 78) be and the same are hereby **STRICKEN**.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this ___20th___ day of November, 2006.

BY THE COURT:

_s/ J. P. Stadtmueller_____
J. P. Stadtmueller
U.S. District Court